# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA L. AHMAD | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 14 C 1944 |
| | ) | |
| PAUL MORLEY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Valencia L. Ahmad (Ahmad) is a supervisor at United States Immigration and Customs Enforcement (ICE) and works at an ICE office building located at 101 West Congress Parkway in Chicago, Illinois (ICE Office). (Mem. 1; Ex. 1-2). Paul Morley (Morley) is employed at ICE and, in February of 2014, worked at the same ICE Office as Ahmad. (Mem. 1; Ex. 1-2). On February 28, 2014, Ahmad filed an emergency petition for a stalking no contact order (Petition) against Morley in case 14 OP 71031 in the Circuit Court of Cook County, Illinois (State Court). (Ex. 1-2). In

1

her Petition, Ahmad set forth three allegations against Morley that were all tailored upon actions Morley supposedly took in the scope of his federal employment. (Ex. 1-2). Specifically, Ahmad alleges that on an unidentified date Morley once displayed aggressive and volatile behavior toward his coworkers and supervisors at the ICE Office. (Ex. 2). Ahmad also alleges that in 2013, Morley submitted two different memos about Ahmad to ICE supervisors at the ICE Office. (Ex. 1-2). Ahmad further alleges that on February 25, 2014, on a work day and during normal business hours on or about 9:00 a.m., Morley walked past Ahmad and stood on a street corner with his phone while Ahmad walked with another coworker to and from a restaurant near the ICE Office. (Ex. 1-2). Based upon such allegations, Ahmad requested that the State Court issue a no stalking order against Morley that would restrict Morley from any contact with Ahmad, a fellow federal ICE employee, and basically restrict Morley from entering the federal ICE Office where he worked. (Ex. 1-2). Ahmad also checked a box on the Petition that requested that Morley be prohibited from coming within fifty feet of her residence. (Ex. 1-2). Ahmad, however, apparently abandoned this request relating to her residence since she failed to list her residential address on the Petition and instead opted to put the ICE Office address down as both her address and her work address. (Ex. 1-2). Ahmad's Petition also states that a "police report was not made" in connection with the filing. (Ex. 1-2).

On February 28, 2014, the State Court denied the Petition after finding that Ahmad, who was present in court, presented insufficient evidence. (Ex. 3). The Petition remained pending in State Court and the matter was continued until March

2

21, 2014 for Ahmad to serve Morley. (Ex. 3). On March 19, 2014, the Government removed the action from the State Court to federal court pursuant to 28 U.S.C. § 1442(a) (Section 1442(a)). On March 25, 2014, the Government filed a motion to dismiss the instant action for lack of jurisdiction. (Mem. 1-4). Ahmad, who filed a *pro se* appearance in this action, was given leave until April 24, 2014 to respond to the Government's motion to dismiss. Ahmad has not responded to the Government's motion to dismiss, and has not even tried to refute the Government's legal arguments even though Ahmad was given the opportunity to do so.

## DISCUSSION

I. Removal

The Government contends that removal of the instant action was proper under Section 1442(a) because the Petition sought to restrict Morley in his official employment capacity and because Morley could raise the federal defense of sovereign immunity. (Mem. 1-4).

Section 1442(a) provides for the removal to the United States District Court any "civil action . . . that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1); *see Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012)(quoting *Mesa v. California*, 489 U.S. 121, 132-34 (1989))(stating that "the 'under color of office' component encompasses an additional

requirement—defendants must have a colorable federal defense to the plaintiff's action"). Sovereign immunity serves as a defense for federal employees when they are sued in their official capacity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)(stating "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *see also Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002)(stating "[i]t is axiomatic that the United States as sovereign cannot be sued without its consent"); *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 (7th Cir. 2000)(stating that "[a]n official capacity suit is the same as a suit against the entity of which the officer is an agent").

As discussed above, the three allegations set forth in the Petition are all based upon actions Morley supposedly took in the scope of his federal employment with ICE. (Ex. 1-2). Based upon such allegations, Ahmad requested that the State Court restrict Morley from any contact with Ahmad, a fellow federal ICE employee, and restrict Morley from entering the federal ICE Office where he worked. (Ex. 1-2). The Government, pursuant to Section 1442(a), properly removed the action to federal court since Morley was acting in his official employment capacity as an officer of the United States or an agency thereof for or relating to alleged acts under color of such office.

II. Jurisdiction

The Government contends that the action must be dismissed for lack of jurisdiction. (Mem. 1-4). Federal court jurisdiction upon removal, pursuant to

4

Section 1442(a), is "essentially derivative of that of the state court." *See Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994)(quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)(stating "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction"). The allegations and the relief sought by Ahmad relate to the operations of a federal agency. The Government has not consented to the action being filed in State Court and has not waived the defense of sovereign immunity. *See Macklin*, 300 F.3d at 820(stating that if the Government chooses to "waive its sovereign immunity, it alone dictates the terms and conditions on which it may be sued"). This Court, and for that matter, any court, is not the proper forum to dictate to the federal government decisions relating to its operations. Furthermore, absent consent by the federal government, neither this Court, nor any court, has jurisdiction to adjudicate the specific claims by Ahmad or grant the relief sought. Since the State Court lacked jurisdiction to adjudicate the Petition because it was tailored so as to restrict employment by a federal employee or to improperly interfere with the operations of the federal government, under the doctrine of derivative jurisdiction this court has acquired no jurisdiction to do so upon removal. *Edwards*, 43 F.3d at 316. Therefore, this action is dismissed for lack of jurisdiction.

## CONCLUSION

Based upon the foregoing analysis, the motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 27, 2014